ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

MIZE.

Opinion delivered January 10, 1903.

1. RAILWAY—DEFECTIVE TRACK.—A railway company is not responsible for the death of a fireman caused by the defective condition of its track if it had previously given the deceased notice of such defect in time for him to have protected himself from danger. (Page 163.)

2. NOTICE OF DEFECT—DEFINITENESS.—Where the defect in a railway track which caused an injury to an employee consisted of the burning of a trestle, a notice to the employee of the burning and of the number of the trestle and of the mile posts between which it was located was sufficiently definite. (Page 164.)

Appeal from Woodruff. Circuit Court.

HANCE N. HUTTON, Judge.

Reversed and remanded.

*Dodge & Johnson,* for appellant.

An employee assumes all risks incident to his employment. 46 Ark. 567; 41 Ark. 392; 45 Ark. 324; 48 Ark. 463; 60 Ark. 442. An employee must take notice of obvious defects. 48 Ark. 347; 79 Me. 405; 40 Ia. 341; 39 Minn. 523; 41 N. W. 104; 53 Mich. 125; 18 N. W. 584; 67 Mich. 632; 35 N. W. 708; 81 Mich. 835; 46 N. W. 111; Bailey, Master's Liability, 160; Wood, M. & S., § 376; 58 Ark. 178. The injury was incident to the employment. 58 Ark. 338; 22 N. W. 221; 40 Ia. 341; 39 Minn. 523; 54 N. J. L. 411; 42 Mich, 525; 122 U. S. 189; 2 A. & E. R. C. 158; 56 Tex. 482 11 A. & E. R. C. 201; 52 Mich. 40; 33 Mich. 133; 45 Mich. 219; 49 Mich. 466; 13 N. W. 508; 139 Mass, 580; 54 Ark. 394; 2 Am. Neg. Rep. 578; 27 Minn. 367; 34 Minn. 94; 41 Minn. 289; 47 Minn. 361; 38 S. W. 260; 35 S. W. 879; 37 S. W. 659; 94 Mo. 206; 86 Mo. 463; 77 Mo. 511; 119 Mo. 322; 40 S. W. 174; 66 Tex. 732; 72 Tex. 159; 86 Tex. 96; 35 S. W. 879; 41 Ark. 542. The verdict was excessive. 57 Ark. 320, 378; 56 Fed. 250.

*J. H. Harrod, P. R. Andrews, T. E. Stanley,* for appellee.

BATTLE, J. Nelia Mize, as administratrix of W. H. Mize, deceased, her late husband, sued the St. Louis, Iron Mountain & Southern Railway Company for damages. She alleged in her complaint, substantially, as follows:

The deceased was in the employ of the appellant as locomotive fireman. While so employed on a through freight train, and while the train was at Malvern, on its way north, it was learned that a trestle of the railroad, some three and a half miles north of Traskwood and five miles south of Benton, had been burned about nine o'clock that night. At 12:50 a. m., March 29th, the conductor of the train on which deceased was fireman was ordered to take a force of men and a bridge outfit to the place where the trestle had been burned. While engaged in this service, at 3:15 a. m., the engine on which deceased was fireman ran into the burned trestle, was overturned, and caused the death of deceased.

She further alleged that the defendant was liable for damages on account of this death for negligence committed as follows:

"(1)   In not giving the deceased and those in charge of said train warning of the danger as they approached and came to said burned trestle.

"(2)   And in not giving the deceased any notice at any time of the danger.

"(3)   And in not giving the deceased and those in charge of the train particular, definite and certain information as to which trestle was injured.

"(4)   And in giving those in charge of the train erroneous information, as to which trestle was injured, and its location."

She then alleged that she is his widow, and a son aged ten years and a daughter aged nine are his next of kin; that the deceased was thirty years old, sober and industrious, and had a life expectancy of thirty-four years; that he earned $1,000 a year, which he contributed to the support of his family; and that the damage caused by his death to his widow and next of kin is $15,000.

The defendant answered, and admitted, as correct, the statements contained in the complaint, which gave "the history of the occurrence and its antecedents up to the wrecking of the engine at the burned trestle, and admitted that the death of W. H. Mize was a consequence of such accident, and denied that it was guilty of negligence as charged in the complaint, and alleged that if any loss, injury or damage resulted from the death of Mize, it was not caused by any negligence of the defendant, but was occasioned solely by the negligence of the deceased.

A jury was impaneled to try the issues. In the trial evidence was adduced which tended to prove that defendant's train dispatcher at Little Rock, Ark., sent a telegram to Silverthorn, the conductor of the train on which Mize was fireman at the time he was killed, and on which he lost his life, in the words and figures following:

"March 29th.

"To Conductor Silverthorn, Malvern:

"Set out your train at Malvern, and take Rupprecht's bridge outfit to burned bridge 575 between mile posts 373 and 374 quickly as possible. There are five bents of this bridge burned.

[Signed]                                    "A. B."

and that this information was communicated to the engineer and the deceased in time to have avoided any accident on account of the

burning of the bridge, and that it was correct.   Other evidence was adduced, but sufficient is stated to explain this opinion.

Over the objections of the defendant, the court, at the instance of the plaintiff, instructed the jury, in part, as follows: "You are instructed that, if you find from the evidence that the defendant company had knowledge of the location of the burned trestle before it first ordered Silverthorn and his crew to go to it, and further find from the evidence that it was the duty of the defendant, when it sent Silverthorn and his crew to this trestle, to use reasonable diligence to give them accurate and certain information of the trestle's location, and if you find from the evidence that the defendant failed to use reasonable diligence to give them such information, and find from the evidence that the conductor and crew did not have such information, and further find that the defendant did not give the crew such information, and further find from the evidence that the death of intestate was caused by the failure of the defendant to give such information, or to use reasonable diligence to give the same, you will find for the plaintiff, unless you find from the evidence that deceased was guilty of negligence that contributed to the injury."

And refused to give the following instruction asked for by the defendant: "You are instructed that, if you find from the evidence that plaintiff's intestate knew or had information before leaving Traskwood on his engine that morning that the train was going to a trestle that had been burned, and that said trestle was between mile posts 373 and 374, your verdict will be for the defendant."

But modified it and gave it as follows: "You are instructed that if you find from the evidence that plaintiff's intestate knew or had information before leaving Traskwood on his engine that morning that the train was going to a trestle, No. 575, that had been burned, and if you find that deceased had accurate and definite information as to the location of the trestle, and that said trestle was between mile post 373 and 374, your verdict will be for the defendant."

And refused to give the following instruction asked for by the defendant: "You are instructed that, under the circumstances of this case, the law did not require warning of the danger to be given the deceased or the rest of the train crew as the train approached and came to the burned trestle.  If the deceased and the engineer, before leaving Traskwood on the engine for the trestle, had notice

or warning that they were going to a trestle that had been burned, and also had notice of the number of the two mile posts between which the trestle would be found, such notice and warning, however it might have been obtained, was sufficient, and the plaintiff cannot recover."

But modified and gave it as follows: "You are instructed that, under the circumstances of this case, the law did not require warning of the danger to be given the deceased, or the rest of the train crew, as the train approached and came to the burned trestle. If the deceased and the engineer, before leaving Traskwood on the engine for the trestle, had notice or warning and accurate and definite information as to location of trestle, on which they acted, that they were going to a trestle that had been burned, and also had notice of the number of the two mile posts between which the trestle would be found, such notice and warning, however it might have been obtained, was sufficient, and the plaintiff cannot recover."

And the court refused to give an instruction, number 17, at the request of the defendant, which is as follows: "If you find from the evidence that the train dispatcher at Little Rock had by wire notified the conductor and engineer of the train on which the deceased was fireman that the trestle in question was No. 575, and that it was between mile posts 373 and 374, and further find that the location of the trestle as given by wire was correct, and that the information so received by the said engineer and conductor was communicated to the deceased, then the plaintiff cannot recover on the ground of lack of particular, definite and certain information as to which trestle was injured."

The jury returned a verdict in favor of the plaintiff for $6,000. The court rendered judgment accordingly, and the defendant appealed.

It is said that a railway company "owes a duty to the public to keep its tracks in a safe and suitable condition, and also to run its trains with regularity and dispatch over the same, for the carriage and transportation of passengers and freight. In so far as its employees are concerned, if the track is injured, and thereby becomes unsafe, the company is under no obligation to repair the same. It must, however, give them due and timely notice of the injury, so that danger may be averted, and, having given such notice, may take whatever time it may deem proper to repair the same," without incurring liability to its employees on account of

the delay. *St. L., I. M. & So. Ry. Co.* v. *Morgart,* 45 Ark. 318, 324; *Henry* v. *L. S. & M. S. Ry. Co.,* 49 Mich. 498, 13 N. W. 832. The object of the notice is to enable them to protect themselves against injuries by adopting necessary precautions for that purpose. And notice that will accomplish this object will be sufficient. If the injury to the track be the burning of a bridge or trestle in the railway, a notice of the burning and of the number of the bridge or trestle and the mile posts between which it is located ought to accomplish that object. With such notice, it seems to us, the ignorant and inexperienced could protect themselves against dangers incident to the burning.

It follows that instruction numbered 17 ought to have been given. It was correct, and was necessary to fully explain the instructions which were given. The court erred in refusing it.

Reverse and remand for a new trial.